IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PATRICIA GARNER,

      Plaintiff,

      vs.                          Case No. 16-1352-JTM

                                           16-1351-JTM

MERLE L. PIERCE,

      Defendant.

MEMORANDUM AND ORDER

Merle Pierce commenced an action in Montgomery County District Court in Coffeyville, Kansas, seeking to evict his tenant, Patricia Garner. Acknowledging the matter was a "state case tenant landlord dispute," Garner nevertheless removed the action to this court, adding a "civil claim motion," which alleged that Pierce had violated her rights under the Fair Housing Act, the Civil Rights Act, and her "4th amendment right to peaceful enjoyment of the property." (Dkt. 1, at 1). Pierce has moved to remand the action to state court, and Garner has filed no timely response.

The court grants the motion for good cause shown and pursuant to D.Kan.R. 7.4. Whether or not Garner has potential federal claims against Pierce, these were not raised in Pierce's original eviction action, which merely alleged that Garner had violated the terms of the lease. The removability of an action is determined solely from on the face of the

complaint; the fact that a defendant wishes to assert a defense or counterclaim sounding

in federal law is insufficient. *Jefferson County v. Acker*, 527 U.S. 423, 430–31 (1999). *See Tuner

v. Lester*, 2008 WL 2783544, *3 (D.Kan. July 17, 2008) (removal "jurisdiction cannot be

conferred by defendant's counterclaims or defenses"); 14C FED. PRAC. & PROC., *Jurisdiction*

§ 3730 (4th ed.)("The right to remove is further limited by the basic principle that

defendants may remove only on the basis of claims brought against them and not on the

basis of counterclaims, cross-claims, or defenses asserted by them.").

Accordingly, the court grants the motion to remand the action to state court. In

addition, Pierce requests that the court authorize recovery for his fees and expenses in

obtaining the remand. (Dkt. 5, at 6). Under 28 U.S.C. § 1447(c), "An order remanding the

case may require payment of just costs and any actual expenses, including attorney fees,

incurred as a result of the removal." Such an award may be granted when a removing

party lacks any objectively reasonable basis for seeking removal. *Martin v. Franklin Capital

Corp.*, 546 U.S. 132, 141 (2005).

As Pierce correctly notes, the issue is not whether Garner's federal counterclaims are

frivolous, but whether there was any objectively reasonable basis for using such

counterclaims to remove a state eviction action. There is no such objective basis; that

counterclaims are not a valid basis for removal is black letter law.

> Supreme Court and Tenth Circuit precedent clearly provide that the court's
> federal question jurisdiction is not implicated when a defendant seeks to
> inject a federal counterclaim or defense into a case that otherwise implicates
> state law exclusively. Therefore, [plaintiff]'s attempt to invoke federal
> question jurisdiction by relying on alleged FDCPA violations or tax fraud

was objectively unreasonable. Mr. Herbert's status as a pro se litigant does not excuse him from the requirement that he refrain from seeking removal on grounds plainly foreclosed by existing precedent, nor does his pro se status prevent the court from imposing costs and fees under § 1447(c). CitiMortgage is therefore entitled to its costs and fees incurred pursuing remand.

*Citimortgage v. Herbert*, 2016 Wl 3014664, (D. Utah, May 24, 2016) (citations omitted).

IT IS ACCORDINGLY ORDERED this 24th day of October, 2016, that Pierce's Motion to Remand (Dkt. 5) is hereby granted; his Motion to Expedite (Dkt. 6) is denied as moot; his request for fees and expenses is granted, and the court directs him to submit briefing as to the amount of costs and fees incurred seeking remand within ten days of this Order.

         s/ J. Thomas Marten
        J. THOMAS MARTEN, JUDGE